IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, : | |
|     Plaintiff, : | |
| -v.- : | Civil Action No. C-2-06-051 |
| : | JUDGE SARGUS |
| Thirty-Three Thousand Nine Hundred : | Magistrate Judge King |
| and 00/100 Dollars ($33,900.00) In : | |
| United States Currency, : | |
|     Defendant. : | |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

This cause came before the Court on Plaintiff's Motion for Default Judgment and Decree of Forfeiture. After a thorough review of the record, the Court finds:

1. That on January 19, 2006, Plaintiff, the United States of America, filed a Verified Complaint alleging that said Defendant Property was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate the trafficking of a controlled substance, in violation of 21 U.S.C. § 841 et seq., and is therefore forfeitable to the United States of America pursuant to 21 U.S.C. §881(a)(6);

2. That the aforementioned Complaint was accompanied by an affidavit (Exhibit A to Complaint) which established probable cause to believe the allegations set forth in said Complaint;

3. That process was duly issued herein and returned according to law;

4. That notice of the seizure of the Defendant Property was given according to law;

5. That Bobby T. Brooks and Yohance Gooden were the only parties known to the United States to have any interest in the Defendant Property. That they or any other claimant have failed to come forward to timely file herein any claim or other pleading within the time fixed by law;

6. That the allegation of the Verified Complaint are taken as admitted; and

7. That this Court has jurisdiction pursuant to 28 U.S.C. § §1345 and 1355.

NOW THEREFORE, based upon the above findings, and the Court being otherwise fully advised in the matter; it hereby:

**ORDERED, ADJUDGED, AND DECREED:**

1. That the Defendant Property represents proceeds or was used to facilitate one or more violations of 21 U.S.C. § 841 et seq., said violation being trafficking in controlled substances and is therefore forfeitable to the United States of America pursuant 21 U.S.C. §881(a)(6) and that the Defendant Property, described as:

**Thirty-Three Thousand Nine Hundred And 00/100 Dollars ($33,900.00) in United States Currency** is hereby **FORFEITED** to the United States of America pursuant 21 U.S.C. §881(a)(6).

2. That all other claims and interest in and to said property are forever closed and barred; that no right, title, or interest in the Defendant Property shall exist in any party other that the United States of America.

3. That the United States Marshals Service shall dispose of the forfeited property as provided by law.

IT IS SO ORDERED this _20th_ day of _November_, 2006.

_____
11-20-2006
HONORABLE EDMUND A. SARGUS, JR.
United State District Court Judge

2